UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEE GORDON LAMB,

        Plaintiff,        2:14-cv-0909-MC

        v.        ORDER

JERI TAYLOR,
et al.,

        Defendants.

McShane, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed a complaint under 42 U.S.C. alleging three claims for relief. Plaintiff alleges as his third claim that defendants are violating his First, Eighth and Fourteenth Amendment rights by denying him access to religious materials and accessories for Wiccan practitioners. Specifically, plaintiff alleges that he has been denied access to "robes, stones for channeling power,

1 - ORDER

frankincense, Celtic sea salts, etc." Complaint (#2) p. 5.

Defendants now move for partial summary judgment (#21) the ground that plaintiff did not exhaust his administrative remedies as to his third claim before filing this action.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions. <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006). This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting *Woodford*, 548 U.S. at 88).

"If the District Court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice." <u>Wyatt v. Terhune</u>,

2 - ORDER

315 F.3d at 1120.

Inmates are encouraged to communicate with line staff verbally or in writing as a primary means of resolving disputes. However, if this does not bring resolution, the inmate may file a grievance. The ODOC has a three level grievance and appeal remedy process codified at OAR 291-109-0100 to 291-109-0190. First, an inmate may appeal any grievance decision to the functional unit manager. Declaration of Arnell Eynon (#22) ¶ 9. Second, an inmate may appeal the decision of the functional unit manager to the Assistant Director whose decision on a grievance appeal is final and not subject to further review. *Id.* at ¶10. Inmates are informed of the processes for filing a grievance during admission and orientation to the facility where they are housed. In addition the grievance process is explained in the Inmate Handbook, which is given to each inmate. Id. Plaintiff acknowledges that there is a grievance procedure at the institution where he is incarcerated. Complaint (#2) p. 2.

Plaintiff alleges in Claim III that he has sent kytes to defendants Cayton and Holman "regarding the lack of religious materials and accessories" and that "both have ignored" the communications. Complaint (#2) p. 5. Plaintiff further alleges that he "kyted" defendant Hodney who has "denied me access to robes, stones for channeling power, Frankincense,

3 - ORDER

Celtic sea salts, etc." Plaintiff further alleges that "ODOC refuses to allow us some way to practice in full privacy with no witnesses." *Id.*

The Declaration of Arnell Eynon (#22) establishes that plaintiff filed three grievances concerning the denial of religious services or materials.

In Grievance TRCI.2012.02.144, filed February 23, 2012, plaintiff complained that he had not been provided copies of the Gaelic, Celtic, German, and French translations of the King James Version of the Bible. On April 3, 2012, Chaplian Hodney responded that Religious Services did not have those translations of the King James Bible, but that they would "continue to pursue the matter." Eynon Declaration (#22) 12-13.

Plaintiff's grievance TRCI.2012.02.144 does not mention the items he alleges in Claim III, and it appears to be irrelevant to plaintiff's Claim III. However, even if the grievance could reasonable be construed as pertaining to the claims in this proceeding, plaintiff did not exhaust the grievance because he did not file a first or second appeal. Eynon Declaration (#22) ¶14.

In Grievance TRCI.2014.02.136, dated February 22, 2014, plaintiff complained about the lack of a regular Wiccan Priestess to perform Wiccan services at TRCI. Plaintiff

4 - ORDER

appealed Chaplin Hodney's response to his grievance and defendants acknowledge that plaintiff "successfully exhausted this grievance." Eynon Declaration (#22) ¶ 21.

However, although plaintiff exhausted his administrative remedies as to the matter's complained of in Grievance TRCI 2014.02.136, the issue in that grievance was the lack of a Wiccan Priestess which is a distinct, grievable issue apart and different from the issue alleged in Claim III. A review of Grievance TRCI 2014.02.136 and the responses to it do not include any references to "robes, stones for channeling, Celtic sea salts, etc."

In Grievance TCRI.2014.02.143, dated February 22, 2014, plaintiff complained that Chaplin Cardona told plaintiff that currently there was no Wiccan volunteer to conduct services at TRCI. And made statements such as "why do you want to be a Wiccan?" and "that's the devils work." This grievance was denied for abuse of the grievance system and plaintiff did not file a first or second level appeal. Eynon Declaration (#22) ¶ 22-23.

In summary, none of the three grievances plaintiff filed concern the allegations set forth in Claim III of his complaint. Grievance coordinator Arnell Eynon made a through search of her records and found no other grievances concerning religious service, materials and/or accessories or other

5 - ORDER

grievances that plaintiff filed against the defendants named in his complaint. Based on the foregoing I find that plaintiff has not properly exhausted his administrative remedies with respect to his Claim III in this proceeding. Therefore, defendants' Motion for partial summary judgment (#21) is allowed. Plaintiff's Claim III is dismissed without prejudice.

Plaintiff's Motion to Sever (#46) is moot insofar as it seeks to "sever count three" and "sever Tim Cayton and Holmes from the first two claims." In addition, the motion is unnecessary to "join claims one and two" and otherwise realign defendants. Therefore, the Motion (#46) is denied.

Plaintiff's "Motion for oral argument and presentation of exhibits" (#47) is denied as moot.

***Any appeal from this order or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's*** in forma pauperis ***status is revoked.***

IT IS SO ORDERED

DATED this 16 day of March, 2015.

_____
Michael McShane
United States District Judge

6 - ORDER