UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEE GORDON LAMB,

        Plaintiff,            2:14-CV-00909-MC

        v.                          ORDER

JERI TAYLOR, et al.,

        Defendants.

McShane, District Judge.

Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a compliant under 42 U.S.C. § 1983 alleging that defendants violated his 8th Amendment right to be free from cruel and unusual punishment when they failed to protected him from an assault by another inmate.[1] Plaintiff also alleges ancillary state claims for "false imprisonment" and negligence.

---

[1] Plaintiff's Claim III alleging First Amendment violations has previously been dismissed.

1 - ORDER

The "State Defendants"[2] now move for Summary Judgment (#67).

Defendant Clouser is the only defendant that is alleged to have had any personal involvement in the incident giving rise to plaintiff's claims. Plaintiff presumably seeks to hold the other named defendants liable on a theory of respondeat superior.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Ivy v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. New York City Dept. Of Social Services, 436 U.S. 658 (1978); Padway v. Patches, 665 F.2d 965 (9th Cir. 1982). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Johnson v. Puffy, 588 F.2d 740, 743 (9th Cir. 1978). A supervisor may

---

[2] There are no other defendants before the court. Plaintiff names John and Jane Doe defendants, but they have not been identified or served.

2 - ORDER

be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

It is undisputed that defendant Clouser was the only defendant present at the time of the assault and plaintiff has not alleged any facts that would establish respondeat superior liability on the part of any of the defendants.

The relevant facts are as follows: On April 28, 2013, at approximately 7:00, Inmate MCWhinney walked up to the control

3 - ORDER

point pass through and asked defendant Clouser for a cribbage board. Cpl. Clouser had no reason to believe that Inmate McWhinney intended to use the cribbage board to perpetuate an assault, so he handed a wooden cribbage board to Inmate McWhinney and took his identification card. Cpl. Clouser then looked to the left to place the ID card in the ID holder on the control point wall. As he looked back out into the day room he heard a loud thud and saw Inmate McWhinney with the cribbage board in both hands "smack the back of plaintiff's head with a baseball bat type swing." Clouser Declaration ¶3. Cpl. Clouser radioed for staff help and Officer Harrington responded. Inmate McWhinney was subdued, restrained and escorted off the unit. Plaintiff sustained a six-centimeter laceration and "small superficial abrasions. Whelan Declaration, ¶8.

An investigation of the incident revealed no information that would have alerted defendants to a potential assault by Inmate McWhinney on plaintiff.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Ordinarily an isolated or random incident of prison violence does not give rise to a claim for failure to protect. The Ninth Circuit has traditionally required some sort of notice (constructive or otherwise) of

4 - ORDER

impending harm before liability could be imposed under the Eight Amendment for failure to protect an inmate. See, Redman v. County of San Diego, 942 F.2d 1435 (9th Cir. 1991); Leer v. Murphy, 844 F.2d 628 (9th Cir. 1998); Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986).

In Farmer, the Supreme Court held that the appropriate standard to impose liability for failing to protect an inmate from an attack by another inmate was the functional equivalent to criminal recklessness, and described the necessary mens rea as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate human conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. * * * [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-38.

A viable Eighth Amendment claim also requires proof of harm, Wilson v. Seiter, 501 U.S. 294,298 (1991), and the harm must be more than *de minimis*. Hudson v. McMillian, 503 U.S. 1, 8-10 (1992); Ingraham v. Wright, 430 U.S. 651. 647 (1975) ["There is a *de minimis* level of imposition 9of punishment0 with which the Constitution is not concerned."].

Plaintiff has failed to controvert the evidence submitted

5 - ORDER

by defendants that plaintiff was suddenly attacked without warning and that defendants had no reason to suspect that such an attack might occur.

In addition, plaintiff has failed to establish that the harm he suffered was sufficiently serious to constitute the basis for a Constitutional violation. It is undisputed that plaintiff's injuries were minor.

There is no genuine issue of material fact that plaintiff never informed any defendant that he feared an attack from Inmate McWhinney and plaintiff has not controverted the considerable evidence presented by defendants that they did not suspect and did not have any reason to suspect that plaintiff was at a substantial risk of harm from Inmate McWhinney or otherwise. Therefore, defendants are entitled to judgment as a matter of law.

Plaintiff has sued defendants in their official capacities. Therefore, plaintiff's state law claims are barred by the Eleventh Amendment. See, Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Assuming this jurisdictional defect could be cured by amendment, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law

claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Indeed some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. <u>Wren v. Sletten Const. Co.</u>, 654 F.2d 529, 536 (9th Cir. 1991); <u>Wentzka v. Gellman</u>, 991 F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. <u>Brady v. Brown</u>, 51 F.3d 810 (9th Cir. 1995).

Plaintiff has not established any extraordinary circumstances that would justify this court's retention of plaintiff's supplemental state claims.

Defendants' Motion for Summary Judgment (#67) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this case.

DATED this  8  day of September, 2016.

_____
Michael McShane
United States District Judge

7 - ORDER